**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Yuriy Y. Krasnov, et al.,** ) | **CASE NO. 1:12-CV-2650** |
| ) | |
| **Plaintiffs,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **v.** ) | |
| ) | **Memorandum of Opinion and Order** |
| **RBS Citizens, N.A.,** ) | |
| ) | |
| **Defendant.** ) | |

*Pro se* plaintiffs Yuriy Y. Krasnov, Tatiana Khodakova, and Yuriy K. Krasnov filed this action against RBS Citizens, N.A. (hereinafter "RBS"). In the Complaint, plaintiffs claim defendant improperly instituted state court foreclosure proceedings against them and made false and misleading misrepresentations during the course of those proceedings.

Plaintiffs have also filed Motions to proceed *In Forma Pauperis*. (Doc. Nos. 2, 3, 4). Those motions are granted.

**Background**

On September 1, 2009, plaintiff Yuriy Y. Krasnov signed a fixed rate note in favor of defendant RBS in the amount of $88,000.00 ("Note"). (Doc. No. 1-1 at 4). That same day, as security for the Note, plaintiffs Yuriy Y. Krasnov and Tatiana Khodakova signed a mortgage ("Mortgage"), naming defendant RBS as lender, for residential property located at 363 Balmoral Drive, Richmond Heights, Ohio. (Doc. No. 1-1 at 8-23). The Mortgage agreement indicates plaintiff Khodakova signed the Mortgage "solely . . . to release dower interest." (Doc. No. 1-1 at

23).

The following month, plaintiff Yuriy Y. Krasnov received a "Notification of Assignment, Sale or Transfer of Your Mortgage Loan." (Doc. No. 1-3 at 1). This Notification informed Mr. Krasnov that, effective October 14, 2009, the ownership of his mortgage loan had been transferred by defendant RBS to Fannie Mae as trustee for a trust holding his mortgage loan. (Doc. No. 1-3 at 1). The Notification further stated that "[t]he assignment, sale or transfer of the mortgage loan does not affect any term or condition of the Mortgage, Deed of Trust or Note." (Doc. No. 1-3 at 1). It emphasized that defendant RBS remained the servicer of plaintiff's mortgage loan and instructed him to continue sending all monthly payments directly to defendant RBS. (Doc. No. 1-3 at 1).

On November 29, 2010, defendant RBS filed a Complaint in the Cuyahoga County Court of Common Pleas against Yuriy Y. Krasnov and Ms. Khodakova, alleging default under the terms of the Note and Mortgage and instituting foreclosure proceedings. (Doc. No. 1-1 at 1-3). *See RBS Citizens, N.A. v. Krasnov, et al.*, Cuyahoga Cty Ct Cmn Pl. Case No. CV-10-742261. The matter was thereafter referred to a magistrate. *See* Docket Sheet for *RBS Citizens, N.A. v. Krasnov, et al.*, Cuyahoga Cty Ct Cmn Pl. Case No. CV-10-742261 (hereinafter "State Foreclosure Docket").[1]

Plaintiffs herein filed counterclaims and a number of *pro se* motions in the state foreclosure proceedings. Of particular relevance to the instant case, the Court notes that, in December 2010, plaintiff Yuriy K. Krasnov filed a "Motion in Request for Interpleading," asking the trial court to allow him to be included as a party defendant in the state foreclosure proceedings. (Doc. 1-2 at 2-3). This motion was granted on September 20, 2011. Plaintiffs also filed a "Motion for Exclusion

---

[1] The Cuyahoga County Court of Common Pleas docket can be found at http://cpdocket.cp.cuyahogacounty.us.

of Tatiana Khodakova from the List of Defendants," which was denied on March 13, 2012. In addition, Plaintiffs filed a "Motion for Dismissal of Foreclosure Complaint," which was denied on November 18, 2011. *See generally* State Foreclosure Docket, Case No. CV-10-742261.

RBS subsequently filed a Motion for Summary Judgment, which was granted by the magistrate on March 13, 2012. Plaintiffs thereafter filed Objections, which were overruled by the state trial court on August 17, 2012. An Order of Sale was issued to the Sheriff on September 26, 2012. Although plaintiffs filed numerous motions attempting to enjoin the sale of their home, the state court docket reflects the property was sold at auction on November 13, 2012. Plaintiffs timely appealed the trial court's judgment. *See* State Foreclosure Docket, Case No. CV-10-742261. According to the state court docket, plaintiffs' appeal is currently pending in the Eighth District Court of Appeals of Ohio with oral argument set for March 2013. *See* Docket Sheet for *RBS Citizens, N.A. v. Krasnov, et al.*, 8th Dist. Ct. App. Case No. CA-12-0988997.

Plaintiffs filed the instant Complaint in this Court on October 23, 2012. (Doc. No. 1). Therein, plaintiffs allege defendant RBS (1) lacked standing to institute foreclosure proceedings against them because it no longer owned the Mortgage at issue; (2) improperly named plaintiff Khodakova as a defendant in the state foreclosure proceedings, in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e; and (3) made false and misleading representations in obtaining an order of foreclosure from the state court. (Doc. No. 1). Plaintiffs seek a declaratory judgment on the "legality of the Foreclosure [Complaint]" filed in state court, and a permanent injunction barring the inclusion of plaintiff Khodakova "in any claims concerning of any interests rising from the Mortgage Loan-in-issue." (Doc. No. 1 at 6). Finally, plaintiffs seek monetary relief for past and future losses arising out of the state foreclosure proceedings. (Doc. No. 1 at 6).

-3-

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

## Analysis

In the Complaint, plaintiffs allege that "[c]urrently there is an ongoing Foreclosure Case against plaintiffs in the Cuyahoga County Common Pleas Court." (Doc. No. 1 at 2). Subsequent to the filing of the instant Complaint, however, the state courts denied plaintiffs' emergency motions to enjoin the sale of their property and plaintiffs' home was sold at auction on November 13, 2012. As set forth *supra*, plaintiffs appealed. The state appellate court docket indicates "[t]his case is set for oral argument on Wednesday, March 20, 2013." *See RBS Citizens, N.A. v. Krasnov, et al.*, Case No. CA-12-0988997.

For the following reasons, this Court finds it must abstain from intervening in plaintiffs' ongoing state proceedings. In *Younger v. Harris*, 401 U.S. 37 (1971) the Supreme Court held that principles of comity preclude federal courts from interfering with pending state proceedings involving important state interests unless extraordinary circumstances are present. *Younger*, 401 U.S. at 44-45. As that Court explained, "[t]he notion of 'comity' includes 'a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* Thus, when a person is involved in an ongoing state action implicating important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988).

Applying these principles, abstention is appropriate if: (1) state proceedings are on-going, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Squire v. Coughlan,* 469 F.3d 551, 555 (6th Cir. 2006). The Supreme Court has indicated that "[t]he policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

All three factors supporting abstention are present in the instant case. First, as set forth above, state appellate proceedings regarding the trial court's judgment of foreclosure are currently pending. *See* State Foreclosure Docket, Case No. CV-10-742261; *RBS Citizens, N.A. v. Krasnov, et al.*, Case No. CA-12-0988997. As the Supreme Court has explained, the rationale for *Younger* abstention applies with full force throughout the appellate process:

> Virtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial. Intervention at the later stage is if anything more highly duplicative . . . and it is also a direct aspersion on the capabilities and good faith of the state appellate courts.

*See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975). Thus, the Court finds the first factor supporting abstention is satisfied.

With respect to the second factor, it is well-established that resolution of foreclosure and property actions implicate important state interests. *See Doscher v. Menifee Circuit Corp.*, 2003 WL 22220534 (6th Cir. Sept. 24, 2003)(finding *Younger* abstention was required in plaintiff's challenge to a state court foreclosure action); *Goolsby v. Deutche Bank*, 2012 WL 1435735 at * 4 (N.D. Ohio April 25, 2012)(same). It is clear from the face of the Complaint that plaintiffs' claims relate directly to the underlying state court foreclosure action. In light of the state's important

interests in addressing property-related matters, the Court finds the second requirement for *Younger* abstention is satisfied.

With respect to the third factor, the pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the plaintiff to demonstrate that state procedural law bars presentation of his federal claims. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987). When a plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Id.* at 15. Here, plaintiffs have not set forth facts which reasonably suggest the Ohio courts cannot or will not provide an adequate opportunity for them to raise their federal claims. Consequently, the Court finds the third factor supporting *Younger* abstention is present.

Accordingly, the Court finds all three requirements of *Younger* are satisfied. Moreover, the Court notes that the declaratory and injunctive relief sought by plaintiffs would directly implicate the state court proceedings at issue. Specifically, plaintiffs ask this Court to issue (1) a declaratory judgment that the foreclosure complaint filed by RBS in state court is illegal; and (2) a "permanent injunction" barring the inclusion of Ms. Khodakova as a defendant in "any claims concerning of any interests rising from the" mortgage at issue. (Doc. No. 1 at 6). This Court could not grant this relief without directly interfering in the proceedings pending before the Eighth District Court of Appeals of Ohio. Thus, the Court finds *Younger* abstention is clearly appropriate with respect to plaintiffs' requests for declaratory and injunctive relief. *See Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998) (finding that "*Younger* abstention also applies in federal declaratory

judgment actions because they involve 'precisely the same interference with and disruption of state proceedings' as an injunction").

Plaintiffs also seek monetary damages for past and future losses "suffer[ed] in conjunction with the continuation of the [state court] Foreclosure case." (Doc. No. 1 at 6). The Sixth Circuit has held that the *Younger* doctrine applies in cases where plaintiffs seek monetary damages. *See Carroll,* 139 F.3d at 1075 (holding *Younger* abstention proper in federal action for damages under 42 U.S.C. §1983 and the Fair Housing Act); *Schilling v. White*, 58 F.3d 1081, 1084 (6th Cir. 1995) (holding that "our Circuit has recognized that the relevant inquiry when considering abstaining under *Younger* is the nature and degree of the state's interest in its judicial proceedings, rather than whether a party is seeking injunctive relief or monetary damages"); *Graves v. Mahoning County*, 2011 WL 5971007 at *5 (N.D. Ohio Nov. 28, 2011). In light of this authority, the Court finds abstention is proper with respect to plaintiffs' damages claims as well.

Having concluded that *Younger* abstention applies, the Court must now determine whether to stay the instant case or dismiss it without prejudice. "A district court deciding to abstain under *Younger* has the option of either dismissing the case without prejudice or holding the case in abeyance." *Eidson v. State of Tennessee Dept. Of Children's Services*, 510 F.3d 631, 638 (6th Cir. 2007). Generally speaking, a stay is the more appropriate course of action when a plaintiff seeks monetary relief and such damages claims cannot be addressed in the state court. *See Deakins v. Monaghan*, 484 U.S. 193, 202 (1988); *Ha v. Weber*, 2007 WL 3146246 at * 3 (N.D. Ohio Oct. 25, 2007). In the instant case, however, plaintiffs would be able to pursue monetary relief via their counterclaims, should they prevail on appeal and return to the trial court on remand. Accordingly, the Court will dismiss the instant action without prejudice, rather than stay it and hold it in

abeyance pending the outcome of state court proceedings.

**Conclusion**

Accordingly, this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 2/8/13

---

[3] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."